FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

**FILED**
JAMES J. WALDRON, CLERK

August 13, 2007

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY: /s/Diana Reaves, Deputy

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| | : | |
| Cathy Suber, | : | CASE NO.:    06-20369 (NLW) |
| | : | |
| Debtor. | : | |
| | : | |

**Before:**      **HON. NOVALYN L. WINFIELD**

**A P P E A R A N C E S :**

Aurelia Mitchell Durant, Esq.
Mitchell Durant and Associates
401 Route 70 East, Suite 104
Cherry Hill, NJ 08034
Attorneys for Debtor

This matter is before the Court on the motion by Cathy Suber ("Debtor") to reopen her

bankruptcy case.  She requests that her case be reopened in order that she may file two reaffirmation

agreements.  As set forth at greater length below, the Debtor's motion is denied.


## JURISDICTION

The following constitutes the bankruptcy court's findings of fact and conclusions of law as

required by Federal Rule of Bankruptcy Procedure 7052.  This matter is a core proceeding under 28

U.S.C. § 157(b)(2)(A) and (O).  The Court has jurisdiction to determine this matter under 28 U.S.C.

§ 1334 and the Standing Order of Reference issued by the United States District Court for the

District of New Jersey on July 23, 1984.


## FACTS

The Debtor filed a voluntary Chapter 7 petition on October 23, 2006.  The Debtor attended

her Meeting of Creditors under Code § 341(a) on November 20, 2006, and shortly thereafter the case

trustee filed a "No Asset" Report on December 12, 2006.  During her case, the Debtor entered into

reaffirmation agreements with Dell Financial Services and American Honda Finance Corporation,

which were filed with the Court on January 23, 2007 and March 2, 2007, respectively.  The Order

Discharging the Debtor was entered on March 9, 2007, and on March 12, 2007, the Final Decree was

entered and the Debtor's case was closed.

Three months later, in June, 2007 the Debtor moved to reopen her case.  In support of the

motion, Debtor's counsel certified that her client wished to reaffirm two secured debts in which "the

reaffirmations were forwarded after discharge of the case."  Counsel's certification further advised

that "[m]y client desires to reaffirm those debts so that proper credit can be given for payment made

to the creditors."

Because the factual support underlying the request for relief was wholly uninformative, and

counsel failed to provide any legal authority, the Court adjourned the hearing on the motion to

permit counsel to file additional supporting papers.  Unfortunately, Counsel's amended certification

was only slightly more informative.  Counsel advised that the two debts which the Debtor wished

to reaffirm were "Dell Computers ("Dell") and Beneficial."  Further, counsel informed the Court

that:

> According to the debtor since Discharge of her bankruptcy case she
> has made timely payments to the above stated secured creditors. She
> examined her credit report after several timely payments to the above
> creditors and noticed that her credit report did not reflect these
> payments.  The debtor contacted each creditor and they informed her
> that since she did not reaffirm the debts they were not allowed to
> report any payments made by the debtor on her Credit Report.

The proposed reaffirmation agreements were not provided, and the Court has no information

regarding the amount of the debt or the terms that the Debtor wishes to reaffirm.

## DISCUSSION

A bankruptcy case may be reopened "to administer assets, to accord relief to the debtor, or

for other cause."  11 U.S.C. § 350(b).  A case should be reopened only if the court makes the

threshold determination that one of the three grounds articulated in § 350(b) exists.  *In re Lee*, 356

B.R. 177, 180 (Bankr. N.D. W. Va. 2006).  The party moving to reopen a case has the burden of

proof.  *In re Cloninger*, 209 B.R. 125, 126 (Bankr. E.D. Ark. 1997); *In re Winburn*, 196 B.R. 894,

897 (Bankr. N.D. Fla. 1996).  Here on both the facts and the law, the Debtor's motion fails.

Under the plain terms of § 524(c)(1) of the Bankruptcy Code, a reaffirmation agreement must

be made prior to entry of the discharge order to be enforceable.  In pertinent part, § 524(c)(1)

provides:

> (c) An agreement between a holder of a claim and the debtor, the
> consideration for which, in whole or in part, is based on a debt that
> is dischargeable in a case under this title is enforceable only to any

3

extent enforceable under applicable nonbankruptcy law, whether or not discharge of such debt is waived, only if–

(1) such agreement was made before the granting of the discharge under section 727, 1141, 1228, or 1328 of this title;

11 U.S.C. § 524(c)(1).

Further, to be enforceable, a reaffirmation agreement must be filed with the Court. 11 U.S.C. § 524(c)(3). However, unlike § 524(c)(1), subsection (c)(3) does not set forth a time limit for filing the reaffirmation agreement.[1] Thus, courts have permitted cases to be reopened where the facts demonstrate that the parties "made" the reaffirmation agreement before the discharge was granted, but the agreement was filed post-discharge. *See In re Davis*, 273 B.R. 152, 153 (Bankr. S.D. Ohio 2001); *In re Whisenant*, 265 B.R. 164 (Bankr. E.D. Ark. 2001); *In re Murphy*, 2004 Bankr. Lexis 609 (Bankr. N.D. Ga. 2004). *See also In re LeBeau*, 247 B.R. 537, 540-41 (Bankr. M.D. Fla. 2000)(reaffirmation agreement is enforceable as having been "made" prior to discharge when parties had reached agreement on terms of proposed reaffirmation and debtors had commenced performance thereunder); *In re Merritt*, 366 B.R. 637 (Bankr. W.D. Tex. 2007)(available objective evidence demonstrated that agreement on terms of reaffirmation reached prior to discharge and fact that creditor did not sign agreement until after the debtor received her discharge did not affect its validity).

In the matter at hand, there is no evidence before the court regarding when the proposed reaffirmation agreements were made. The Debtor has not provided an affidavit that describes the circumstances giving rise to the Debtor's agreement to reaffirm the debts to Dell and Beneficial, and neither reaffirmation agreement was attached to the motion. Moreover, that the Debtor moves to reopen her case to file a reaffirmation agreement with Dell is perplexing and seemingly unnecessary

---

[1]*Compare* § 524(c)(1), ("such agreement was made before the granting of the discharge...") *with* § 524(c)((3), ("such agreement has been filed with the court...").

in light of the fact that on January 23, 2007, the Debtor timely filed a reaffirmation agreement in

favor of Dell.[2]   Counsel's certification in support of the motion does not supply any factual basis

for the motion.  Counsel simply states that the reaffirmation agreements were forwarded after the

discharge was entered.  Does counsel mean that the agreements were concluded earlier and only

recently sent to the Debtor?  Or, does counsel mean that as a consequence of the Debtor's post-

discharge discussions with them, representatives for Dell and Beneficial forwarded reaffirmation

agreements to the Debtor?  It is impossible to tell, and the Court will not speculate.

If the Debtor seeks to reopen her case in order to file reaffirmation agreements that she has

made post-discharge, the Debtor has an even greater legal and factual burden to meet.  The majority

of courts hold that a reaffirmation agreement made post-discharge is unenforceable.  *See, e.g.*, *In re*

*Stewart*, 355 B.R. 636, 638-39 (Bankr. N.D. Ohio 2006); *In re Gibson*, 256 B.R. 786, 788 (Bankr.

W.D. Mo. 2001); *In re Rigal*, 254 B.R. 145, 148 (Bankr. S.D. Tex. 2000); *In re* Collins, 243 B.R.

217, 219 (Bankr. D. Conn. 2000);  *In re Reed*, 177 B.R. 258, 259-60 (Bankr. N.D. Ohio 1995); *In*

*re Whitmer*, 142 B.R. 811, 814 (Bankr. S.D. Ohio 1992); *In re Brinkman*, 123 B.R. 611, 612 (Bankr.

N.D. Ind. 1991); *Winters Nat'l Bank & Trust Co. v. McQuality (In re McQuality)*, 5 B.R. 302, 303

(Bankr. S.D. Ohio 1980).

For the most part, these courts have relied upon the plain language of the statute and have

held that the court's equitable powers should not be used to achieve a result inconsistent with the

statutory language.  For example, in *Stewart*, the debtor and Ford Motor Credit Co. brought a joint

motion to vacate the debtor's discharge for the limited purpose of filing a reaffirmation agreement.

The court denied the motion on two grounds: (i) the court's equitable authority cannot be used to

overcome plain, unambiguous statutory language, and (ii) because reaffirmations are not favored,

_____

[2]As a timely filed agreement that complies with the requirements of § 524, the January
23, 2007 reaffirmation agreement is unaffected by the present motion.

the requirements of § 524(c) should be strictly enforced.  355 B.R. at 638-39.

Some contrary authority does exist, however.  These courts have relied upon the bankruptcy court's equitable powers and/or Fed. R. Civ. P. 60(b)(6) to vacate the debtor's discharge to permit debtors to enter into enforceable reaffirmation agreements.  *In re Edwards*, 236 B.R. 124, 126-27 (Bankr. D.N.H. 1999); *In re Eccleston*, 70 B.R. 210, 213 (Bankr. N.D.N.Y. 1986); *In re Long*, 22 B.R. 152, 154 (Bankr. D. Me. 1982); *In re Solomon*, 15 B.R. 105, 106 (Bankr. E.D. Pa. 1981). Nonetheless, even these courts have required a demonstration of a factual basis for the relief sought. Indeed, the Court in *Edwards* required "special circumstances" to be shown, 236 B.R. at 127, and *Eccleston* required "extraordinary circumstances."  70 B.R. at 213.  Even if this court considered the Debtor's request under this more lenient line of authority, the Debtor has not provided sufficient facts to rule in her favor.  From the limited information available this Court cannot determine when the reaffirmation agreements were made, the financial effect of the reaffirmation agreements, or what benefit the Debtor expects to achieve.  Thus, the Court cannot determine whether reopening her case will benefit the Debtor, and the Debtor's motion cannot be granted.

## CONCLUSION

For the reasons stated above, the Debtor's motion to reopen her case is denied.